FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VAROUJAN MINASIAN, | No. 06-70091 |
| Petitioner, | |
| v. | Agency No. A070-102-566 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2012
Pasadena, California

Before: PREGERSON, McKEOWN, and W. FLETCHER, Circuit Judges.

Varoujan Minasian, a national and citizen of Armenia, petitions for review

of a final order of the Board of Immigration Appeals ("BIA"), adopting without

opinion the immigration judge's ("IJ") decision denying Minasian's application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Although not all of the IJ's credibility findings are supportable, there is still substantial evidence to support the adverse credibility determination. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").[1] Although Minasian told the IJ that he was arrested twice in Armenia for his political activity and beaten during one arrest, Minasian's asylum application filed in 1991 did not mention either arrest or the beating. The IJ found the discrepancy sufficient to call into question whether the alleged persecution actually occurred.

Minasian argues that he did not raise the arrests in the application because of translation difficulties. The application, however, states that the petitioner was threatened during or after participation in political marches, and that he would be arrested if he did not stop participating in such marches. The IJ concluded, based on Minasian's ability to convey the threat of future arrest, that alleged translation

---

[1]Although the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, Title I, § 101(h)(2), 119 Stat. 231, has modified the scope of our review of an IJ's adverse credibility finding for asylum applications filed after May 11, 2005, these modifications are not applicable here because Minasian filed his application before the REAL ID Act's effective date.

difficulties did not explain his failure to communicate his alleged arrests at the time he filed his asylum application. This inconsistency goes to the heart of Minasian's claim, and constitutes substantial evidence to support the adverse credibility finding. Accordingly, we are not presented with a situation where "no reasonable factfinder could find that the petitioner was not credible." *Oshodi v. Holder*, 671 F.3d 1002, 1007 (9th Cir. 2012) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)) (internal quotation marks omitted).

Because Minasian failed to satisfy his burden of establishing eligibility for asylum, he also cannot meet the higher withholding of removal standard. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) ("In failing to qualify for asylum, [the petitioner] necessarily failed to meet the more stringent standard of proof for withholding of deportation.").

In addition, because Minasian's "claims under the Convention Against Torture are based on the same statements . . . that the BIA determined to be not credible," this court "must similarly affirm the rejection of [Minasian's] claim under the Convention Against Torture." *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, we note that Minasian has not been prejudiced by any delay on the part of the government.

3

**PETITION FOR REVIEW DENIED.**